UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KELVIN SCOTT CHESSMAN, | ) | CASE NO. CV 14-8768 FMO (RZ) |
| Petitioner, | ) ) ) | ORDER TO SHOW CAUSE |
| vs. | ) ) | |
| M.D. BITER, Warden, | ) ) | |
| Respondent. | ) ) | |

The Court issues this Order To Show Cause directed to Petitioner because the face of the petition suggests that his challenge to his 2006 conviction may be time-barred.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1).

The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the statute also is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010).

1           Petitioner indicates that he signed the current petition on October 30, 2014.
2 From the face of the petition and from judicially-noticeable materials, the Court discerns
3 as follows:

4  (a)    In 2006, a Los Angeles County Superior Court jury convicted Petitioner of murder
5       and several attempted murders. He was sentenced to state prison for life without the
6       possibility of parole. Pet. at 2.

7  (b)    The California Court of Appeal issued a reasoned decision affirming the conviction
8       on April 4, 2008. (Petitioner omits this fact, referring only to a later, non-direct-
9       review case in that court as his "appeal." *See* Pet. ¶ 3(c) (indicating his appeal was
10      denied on June 12, 2014). *See People v. Chessman*, No. B193040, 2008 WL 907571
11      (Cal. Ct. App. 2d Dist. 2008). In another bit of procedural history that Petitioner
12      omits, *see* Pet. ¶ 4 (answering "yes," he filed a Petition for Review, but supplying
13      the number of a different, non-direct-review case he filed in August of 2014), the
14      California Supreme Court denied his petition for further direct review on June 18,
15      2008. *See* docket in *People v. Chessman,* No. S163574 (Cal. Supreme Ct.),
16      *available online at* http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?
17      dist=0&doc_id=1895252&doc_no=S163574.

18 (c)    Petitioner does not appear to have sought *certiorari* in the United States Supreme
19      Court. His conviction therefore became final after September 17, 2008, after the
20      high court's 90-day deadline for seeking *certiorari* expired. *See* SUP. CT. R. 13.1.
21      His one-year AEDPA limitations period began to run on that date.

22 (d)    144 days passed. On the 145th day, February 10, 2009, Petitioner filed the first of
23      an irregular series of state-court habeas petitions, this time in the California Court
24      of Appeal. By doing so, he temporarily tolled the AEDPA limitations period for a
25      time. That court denied relief on February 25, 2009. *See* docket in *In re Chessman*,
26      No. B213921, *available online at* http://appellatecases.courtinfo.ca.gov/search/
27      case/dockets.cfm?dist=2&doc_id=1386497&doc_no=B213921. The denial restarted
28      the AEDPA limitations period, with 221 days remaining.

1  (e)  Those 221 days passed with no pending state-court challenges to Petitioner's conviction or sentence. Thus, Petitioner's AEDPA limitations period expired after Monday, October 5, 2009.

(f)  Over three and a half more years passed. In mid-May of 2013, according to the "Motion To Excuse Delay" (MTED) filed along with the current petition, Petitioner first received the Reporter's Transcript for a previously untranscribed portion of the trial. MTED at 1.

(g)  Nine more months passed. On February 13, 2014, Petitioner filed a habeas petition in the trial court, which denied relief on May 23. (According to the markings on the current petition, all of Petitioner's current claims were first presented to the state courts in 2014. None of his current claims was among those presented on direct review.) He filed a notice of appeal there on May 27, but the court "denied the notice of appeal" on June 12, 2014. MTED at 2.

(h)  Petitioner filed for a writ of mandate from the California Court of Appeal on July 8, but the court denied that petition on July 29. *Id.*; *see* docket in *Chessman v. Superior Court*, No. B257590 (Cal. Ct. App. 2d Dist. 2014), *available online at* http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=2&doc_id=2082596&doc_no=B257590 (reflecting a filing date of July 17, not July 8).

(i)  Petitioner filed his final state-court challenge, another habeas petition, in the California Supreme Court on August 11. The court denied relief on October 22, with a citation indicating that the denial was based on Petitioner's excessive delay in seeking relief. *See* MTED at 2; docket in *In re Chessman*, No. S220494, *available online at* http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2084666&doc_no=S220494 (denial order with citation stating, "*See In re Robbins* (1998) 18 Cal.4th 770, 780.").

(j)  A week later on October 30, Petitioner signed the current petition.

\* \* \* \* \*

Unless this Court has miscalculated the limitations period, or some form of additional tolling applies in sufficient measure, this action is time-barred. It became stale in October of 2009, one year and 15 days after his conviction became final. Petitioner's commencement of state habeas proceedings thereafter cannot rejuvenate his stale claims. *See Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000).

As noted above, Petitioner anticipated a challenge to the timeliness of his petition and thus submitted his preemptive MTED. But his explanation therein is conclusory and incomplete, stating only that the new part of his transcript was not in his hands until 2013. Petitioner was present at his trial and thus immediately aware of what happened there (and what did not). He thus far fails to explain why he (1) was not reasonably able to learn the factual bases for any new claims for several years, and/or (2) did not seek the new transcript segment for several years. *See* 28 U.S.C. § 2244(d)(1)(D) (1-year limitations period may begin on "the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence").

This Court may raise *sua sponte* the question of the statute of limitations bar, so long as it gives Petitioner an opportunity to be heard on the matter. *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001). Accordingly, Petitioner shall show cause in writing why this action should not be dismissed as being barred by the one-year statute of limitations. Petitioner shall file his response to the Court's Order to Show Cause not later than 30 days from the filing date of this Order.

If Petitioner does not file a response within the time allowed, the action may be dismissed for failure to timely file, and for failure to prosecute.

IT IS SO ORDERED.

DATED: November 14, 2014

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE